UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                Plaintiff,

-against-

MOLLY WASOW PARK; SCOTT FRENCH; THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES; HUMAN RESOURCES ADMINISTRATION; TRINITY BUI; TRINITY FINANCING INVESTMENTS CORPORATION,

                Defendants.

24-CV-9787 (LTS)

SECOND ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action alleging that Defendants violated her rights. By order dated April 14, 2025, the Court dismissed the complaint, but granted Plaintiff leave to replead several of her claims. Plaintiff filed an amended complaint on May 23, 2025, and the Court has reviewed it. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

      Plaintiff filed the original complaint in this action against the City of New York, the New York City Department of Social Services ("DSS"), the New York City Human Resources Administration ("HRA"), HRA Administrator Scott French, and DSS Commissioner Molly Wasow Park. In the original complaint, Plaintiff alleged that she fell behind in paying rent for an apartment and various storage facilities, and that she applied for emergency cash and rental assistance from HRA. HRA did not process her applications, and, after two Fair Hearings, Administrative Law Judges ("ALJ") directed HRA to process Plaintiff's applications and notify

her of the results. Although the complaint is unclear, it appears that HRA either failed to process her applications for benefits or ultimately denied them. Relying on various statistics, Plaintiff also asserted a claim that HRA failed to timely process applications for the Supplemental Nutrition Assistance Program ("SNAP"), also known as food stamps.

By order dated April 14, 2025, the Court dismissed the complaint, and granted Plaintiff leave to replead certain claims. (*See* ECF 17.) The Court dismissed Plaintiff's claims against HRA and DSS for failure to state a claim on which relief may be granted because agencies of the City of New York are not entities that can be sued. The Court dismissed Plaintiff's constitutional claims under 42 U.S.C. § 1983 against Park and Scott because Plaintiff did not allege any facts suggesting that these supervisory officials were directly and personally involved in the events giving rise to her claims.

The Court construed Plaintiff's allegations that HRA failed to act on her applications for benefits or denied her applications as attempting to assert a claim that she was denied a property interest without procedural due process. Because New York State law provides adequate remedies to challenge the denial of benefits, including Article 78 proceedings to challenge an agency's refusal to comply with the outcome of a fair hearing, the Court dismissed Plaintiff's claims for failure to state a claim on which relief may be granted.

The Court construed the complaint as also attempting to assert a claim that HRA is failing to timely process SNAP applications or recertifications. The Court dismissed these claims, however, because Plaintiff only stated that numerous low-income families are impacted by this alleged failure to process SNAP applications. Plaintiff did not allege that she herself

applied for SNAP benefits, attempted to apply for SNAP benefits, or that any such application was not processed within the required timelines.[1]

The Court granted Plaintiff leave to file an amended complaint in which she alleges facts showing that (1) Park and French were personally and directly involved in violating her constitutional rights; (2) an individual New York City official denied her access to an Article 78 proceeding or that Article 78 provided her with inadequate process; and (3) that she has standing to bring claims regarding the SNAP processing timelines.

In the amended complaint, Plaintiff alleges substantially the same facts as she did in the original complaint with respect to her claims that were dismissed in the Court's April 14, 2025 order. That is, she alleges that HRA and DSS do not comply with processing timelines prescribed by federal law and HRA failed to comply with an ALJ's directive that it process her applications for cash assistance.

Plaintiff also asserts a new claim that Park, French, HRA, and the City of New York violated her rights under the Fair Housing Act ("FHA") when they failed to "provide reasonable accommodation for delay in litigation and inflicting [Plaintiff] to financial hardship and medical injuries that prevents [her] ability to physically stand on her feet for long hours to work." (ECF 19, at 31.)

In addition to these claims, Plaintiff also adds as defendants, and asserts a new, unrelated set of claims against Trinity Bui, who is Plaintiff's former landlord with respect to an apartment located at 845 United Nations Plaza, and Trinity Financing Investments Corporation ("TFIC"), a company of which Bui is Chief Executive Officer. Plaintiff alleges that she signed a lease with

---

[1] In its order of dismissal, the Court also denied Plaintiff's request to proceed with this action as a class action because she is not an attorney, and declined to exercise supplemental jurisdiction of any state law claims Plaintiff may have been asserting.

Bui to rent the apartment from November 2022 through December 2023. A month after Plaintiff moved in, her business was defrauded, causing her to lose sales and to "default[]" on her rent payments. (*Id.* at 12.) Bui "retaliated and breached the lease agreement . . . violated Plaintiff's Peace & Quiet, engaged in unlawful housing discrimination, failed to provide reasonable accommodation, [and] violated the Civil Rights Act & American Disabilities Act." (*Id.* at 13.) Bui attempted to evict Plaintiff "on multiple occasions" before the Housing Court ordered Plaintiff's eviction in September 2023. (*Id.*) Plaintiff asserts claims of defamation, slander, and other violations of state law against Bui and TFIC arising from events surrounding Plaintiff's tenure at the apartment and the state court eviction proceedings.

Plaintiff seeks money damages against all defendants.

## DISCUSSION

**A.    Claims previously dismissed**

Despite the Court's previous dismissal of Plaintiff's claims against HRA and DSS, Plaintiff again names them as defendants in the amended complaint. The Court dismisses Plaintiff's claims against DSS and HRA for failure to state a claim on which relief may be granted for the reasons stated in its April 14, 2025 order of dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

With respect to the remaining claims that the Court dismissed in its April 14, 2025 order, Plaintiff's allegations in the amended complaint do not cure the deficiencies identified in that order. Plaintiff does not allege any facts showing that Park and French were personally and directly involved in violating her rights. With respect to her procedural due process claims arising from HRA's denial of or failure to process her applications for benefits, Plaintiff alleges no facts suggesting that she pursued Article 78 relief in the state courts or that she was prevented from pursuing such relief. She therefore cannot bring a procedural due process claim in federal

court. Finally, Plaintiff alleges no facts suggesting that she herself applied for SNAP benefits, attempted to apply for SNAP benefits, or that any such application was not timely processed so as to give her standing to bring such a claim. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted and for lack of standing for the reasons stated in its April 14, 2025 order of dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

B.    **New claims beyond the scope of the leave to replead**

In its order of dismissal, the Court granted Plaintiff leave to file an amended complaint to allege facts showing that: (1) Defendants Park and French were directly and personally involved in the events giving rise to her claims; (2) she was denied access to an Article 78 proceeding in state court to challenge HRA's alleged failure to comply with the outcome of the fair hearing or that the Article 78 proceeding was inadequate; and (3) she has standing to bring a challenge to HRA's alleged failure to timely process SNAP applications. (*See* ECF 17.)

Despite this directive, Plaintiff names Bui and TFIC as new defendants in her amended complaint, and seeks to assert claims against them arising from her eviction. She also attempts to assert claims of disability discrimination under the FHA against Park, French, and the City of New York, apparently arising from their alleged failure to accommodate her disability in her state court eviction proceedings. The Court dismisses these new claims as beyond the scope of the permitted amendment. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (collecting cases). The Court dismisses these claims without prejudice to Plaintiff's refiling them in a new civil action that complies with

Rules 18 and 20 of the Federal Rules of Civil Procedure governing joinder and other rules of pleading.

**C.   Further leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court has already granted Plaintiff leave to amend and her amended complaint failed to cure the deficiencies identified by the Court, the Court declines to grant Plaintiff another opportunity to amend.

**D.   Motion for default judgment**

On June 18, 2025, Plaintiff filed a document labeled "Urgent Request to Clerk's Office and to the Chambers for Default Against All Named Defendants" in which she seeks a default judgment. (ECF 23.) Plaintiff is proceeding IFP and, therefore, her amended complaint must be screened, under 28 U.S.C. § 1915(e)(2)(B), before service of a summons and the complaint can be made pursuant to Rule 4 of the Federal Rules of Civil Procedure. No summonses have issued in this matter, and proper service therefore has not been effected. In any event, because the Court has now dismissed this action in its entirety, Plaintiff's motion for default judgment is denied as moot.

**E.   Request for preliminary injunctive relief**

On June 27, 2025, Plaintiff filed an unsigned order to show cause for preliminary injunctive relief in which she asks the Court to "issue a stay on the execution" of a judgment in a medical malpractice case Plaintiff has in the New York County Civil Court. (ECF 25.) Because

the Court has dismissed this action in its entirety, the Court denies Plaintiff's request for preliminary injunctive relief as moot.

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted and for lack of standing. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3). Plaintiff claims against Bui and Trinity Financing Investments Corporation, and her claims under the Fair Housing Act are dismissed without prejudice to Plaintiff's bringing them in a new civil action.

The Court denies Plaintiff's requests for default judgment (ECF 23) and preliminary injunctive relief (ECF 25) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   July 1, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge